UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID CHRISTIAN,<br>VENEL ALEXIS,<br>FRANCILLON BADIO,<br>DAVID CHRISTIAN,<br>PIERRE ANES DARVILMAR,<br>MARIE YOLENE EXUME,<br>GENSILIA JOSEPH,<br>EDNER JEAN-JACQUES,<br>PADECI JEAN-LOUIS,<br>ROSEMENE JEROME,<br>ROSIE JOSEPH,<br>SEMAREST LAURENT,<br>ANDRELISE MEZILUS,<br>ADDLY PETITFRERE,<br>BELGERIE RAYMONVIL,<br>ARNOLD ROYNEZ and<br>CLARA ROYNEZ,<br><br>      Plaintiffs,<br><br>vs.<br><br>SWALLOWS PRODUCE, INC.<br>and JACKY R. SWALLOWS,<br><br>      Defendants. | Case No. _____ |

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, COSTS OF LITIGATION AND ATTORNEY'S FEE

### PRELIMINARY STATEMENT

1. This is an action by 16 migrant farmworkers employed on the Cumberland County operations of Defendants Swallows Produce, Inc. and Jacky R. Swallows to harvest and pack vegetables at various points in 2009 and/or 2010. The Plaintiffs bring this action to secure and

vindicate rights afforded them by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq.* ("AWPA") and the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA").

2. The Plaintiffs claim that throughout the period they were employed on the Defendants' operations in 2009 and/or 2010, Swallows Produce, Inc. and Jacky R. Swallows failed to pay the Plaintiffs minimum wages as required by the FLSA. Throughout the period of their employment by the Defendants in 2009 and/or 2010, the Plaintiffs were denied the benefits of many of the substantive provisions of the AWPA.

3. The Plaintiffs seek money damages, declaratory relief and injunctive relief to redress these violations of law.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 29 U.S.C. §1854(a), this action arising under the AWPA; by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1331, this action arising under the laws of the United States; and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

5. The Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§2201-2202.

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this district and the events or omissions giving rise to the claim occurred in the district.

## PARTIES

7. The Plaintiffs maintain their respective homes in Miami-Dade County, Florida. At all

times relevant to this action, the Plaintiffs were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. §1802(8)(A) in that they were employed in agricultural employment of a seasonal nature on the Defendants' Tennessee operations and were required to be absent overnight from their permanent places of residence in Miami-Dade County, Florida. At all times relevant to this action, the Plaintiffs were engaged in the production of goods for sale in interstate commerce. All the Plaintiffs, but one, are fluent only in the Haitian Creole language.

8. Defendant Swallows Produce, Inc. is a closely-held Tennessee corporation that maintains its headquarters in Crossville, Cumberland County, Tennessee. At all times relevant to this action, Defendant Swallows Produce, Inc. owned or operated a farm near Crossville, Tennessee and produced vegetables for sale in interstate commerce. At all times relevant to this action, Defendant Swallows Produce, Inc. was an agricultural employer of the Plaintiffs within the meaning of the AWPA, 29 U.S.C. §1802(2), in that it owned or operated a farm and employed the Plaintiffs and other migrant or seasonal agricultural workers. At all times relevant to this action, Defendant Swallows Produce, Inc. employed the Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d) in that it controlled the workers' employment, directly and indirectly supervised the performance of their job duties, established their rates of pay and job terms. The Plaintiffs' employment occurred on the Defendant's property and was an integral part of the Defendant's vegetable business.

9. Defendant Jacky R. Swallows is a resident of Crossville, Tennessee. He is the chief operating officer and owner of Defendant Swallows Produce, Inc. At all times relevant to this action, Defendant Jacky R. Swallowss owned or operated a farm and operated a packinghouse near Crossville, Tennessee and produced and packed vegetables for sale in interstate commerce.

At all times relevant to this action, Defendant Jacky R. Swallows was an agricultural employer of the Plaintiffs within the meaning of the AWPA, 29 U.S.C. §1802(2), in that he owned or operated a farm and employed the Plaintiffs and other migrant or seasonal agricultural workers. At all times relevant to this action, Defendant Jacky R. Swallows employed the Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d) in that he controlled the workers' employment, directly and indirectly supervised the performance of their job duties, established their rates of pay and job terms. The Plaintiffs' employment occurred on the Defendant's property and was an integral part of the Defendant's vegetable business.

## COUNT I

### (Migrant and Seasonal Agricultural Worker Protection Act)
### (2010 Tennessee vegetable season)

11. This count sets forth a claim by Plaintiffs David Christian, Pierre Anes Darvilmar, Marie Yolene Exume, Gensilia Joseph, Edner Jean-Jacques, Padeci Jean-Louis, Rosemene Jerome, Rosie Joseph, Andrelise Mezilus, Addly Petitfrere, Belgerie Raymonvil, Arnold Roynez and Clara Roynez ("the 2010 Plaintiffs") for damages, injunctive relief and declaratory relief with respect to the Defendants' violations of the AWPA and its attendant regulations during the 2010 vegetable season on the Defendants' operations in and near Crossville, Tennessee.

12. Prior to the beginning of the 2010 harvest on their Tennessee operations, the Defendants engaged the services of farm labor contractor Michel Germain, operating as Two Brothers Farm, Inc., to recruit, solicit and furnish agricultural workers to assist in the harvesting and packing of the Defendants' vegetable crops.

13. In or about June, 2010, Michel Germain recruited the 2010 Plaintiffs for employment on the Defendants' operations during the 2010 Tennessee vegetable season.

14. The Defendants failed to provide the 2010 Plaintiffs at the time of their recruitment as described in Paragraph 13 with a written statement in a language in which the workers were fluent of the terms and conditions of employment, as required by the AWPA, 29 U.S.C. §§1821(a) and (g), and its attendant regulations, 29 C.F.R. §§500.75(b) and 500.78.

15. At various points in the 2010 Tennessee vegetable season, the Defendants employed the 2010 Plaintiffs for work harvesting, grading and/or packing beans and other vegetable crops on the Defendants' farm near Crossville, Tennessee.

16. Throughout the period of their employment on the Defendants' farm during the 2010 Tennessee vegetable season, the 2010 Plaintiffs were housed in facilities owned or controlled by the Defendants. At all times relevant to this count, these housing facilities were controlled and provided to the 2010 Plaintiffs by the Defendants, within the meaning of the AWPA, 29 U.S.C. §§1821(c) and 1823(a), and its attendant regulations, 29 C.F.R. §§500.75(f) and 500.130(c).

17. In violation of the AWPA, 29 U.S.C. §1823(b)(1), and its attendant regulations, 29 C.F.R. §500.135(a), the Defendants permitted the 2010 Plaintiffs to occupy the housing facilities described in Paragraph 16 without these facilities having first been certified by a State or local health authority or other appropriate agency as meeting applicable safety and health standards relating to migrant labor housing.

18. The Defendants failed to post in a conspicuous place or to present to the 2010 Plaintiffs a written statement of the terms and conditions of occupancy at the facilities described in Paragraph 16, as required by the AWPA, 29 U.S.C. §§1821(c) and (g), and its implementing regulations, 29 C.F.R. §§500.75(f) and 500.78.

19. Throughout the 2010 Tennessee vegetable season, the Defendants transported or

*Complaint*  5 of 15

Case 2:11-cv-00082   Document 1   Filed 08/09/11   Page 5 of 15 PageID #: 5

caused the 2010 Plaintiffs to be transported on a daily basis in various vehicles owned or operated by Michel Germain. The Defendants failed to have an insurance policy or liability bond insuring them in the requisite amounts against liability for damage to persons and property arising from the transportation of the 2010 Plaintiffs in these vehicles, thereby violating the AWPA, 29 U.S.C. §1841(b)(1)(C), and its attendant regulations, 29 C.F.R. §§500.120 and 500.121.

20. The Defendants failed to make, keep and preserve records as required by the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding the work of the 2010 Plaintiffs during the 2010 Tennessee vegetable season. Among other things, no records were maintained showing the hours worked by the 2010 Plaintiffs while employed harvesting vegetables on a piece-rate basis.

21. In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d), the Defendants failed to provide to the 2010 Plaintiffs at each pay day during the 2010 Tennessee vegetable season a written statement containing the data required to be disclosed under the statute and its implementing regulations. The 2010 Plaintiffs either received no wage statements whatsoever or were provided with pay envelopes or check stubs which failed to show the employer's name and address and the number of hours worked on piece-rate activities.

22. The 2010 Plaintiffs were paid on a piece-rate basis for their work harvesting vegetables on the Defendants' operations during the 2010 Tennessee vegetable season. The 2010 Plaintiffs' weekly piece-rate harvesting earnings totaled less than the applicable federal minimum wage. For harvesting work, the Defendants only compensated the 2010 Plaintiffs for their piece-

rate earnings. The Defendants failed to supplement the 2010 Plaintiffs' piece-rate earnings so as to raise their work week wages to a rate equal to or exceeding the applicable federal minimum wage.

23. For packing house work during the 2010 Tennessee vegetable harvest, the Defendants compensated the 2010 Plaintiffs at a rate of $6.50 per hour, less than the applicable minimum wage under the FLSA.

24. The Defendants failed to properly credit the 2010 Plaintiffs with all compensable hours worked. On occasion, the 2010 Plaintiffs were required to sit idle at the jobsite at the commencement of the day for prolonged periods of time, waiting for the dew to dry on the beans before beginning to pick, or at the end of the workday, waiting for boxes of beans to be weighed and for their picking tokens to be counted. Although this time was properly compensable under the FLSA, the Defendants failed to credit the 2010 Plaintiffs with this waiting time as part of their respective compensable hours worked.

25. The Defendants failed to report to the Social Security Administration the earnings of the 2010 Plaintiffs on the Defendants' operations during the 2010 Tennessee vegetable harvest. The Defendants also failed to pay Social Security or unemployment compensation taxes pursuant to the Federal Insurance Contributions Act with respect to the earnings of the 2010 Plaintiffs for labor performed on the Defendants' operations during the 2010 Tennessee vegetable harvest.

26. By their actions described in Paragraphs 22, 23, 24 and 25, the Defendants failed to pay the 2010 Plaintiffs their wages when due for work performed on the Defendants' operations during the 2010 vegetable harvest, in violation of the AWPA, 29 U.S.C. §1822(a), and its implementing regulations, 29 C.F.R. § 500.81.

27. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

28. As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the 2010 Plaintiffs have suffered damages.

## COUNT II

### (Migrant and Seasonal Agricultural Worker Protection Act)
### (2009 Tennessee vegetable season)

29. This count sets forth a claim by Plaintiffs Venel Alexis, Francillon Badio, David Christian, Gensilia Joseph and Rosemene Jerome ("the 2009 Plaintiffs") for damages, injunctive relief and declaratory relief with respect to the Defendants' violations of the AWPA and its attendant regulations during the 2009 vegetable season on the Defendants' operations in and near Crossville, Tennessee.

30. Prior to the beginning of the 2009 harvest on their Tennessee operations, the Defendants engaged the services of farm labor contractor Michel Germain, operating as Two Brothers Farm, Inc., to recruit, solicit and furnish agricultural workers to assist in the harvesting and packing of the Defendants' vegetable crops.

31. In or about June, 2009, Michel Germain recruited the 2009 Plaintiffs for employment on the Defendants' operations during the 2009 Tennessee vegetable season.

32. The Defendants failed to provide the 2009 Plaintiffs at the time of their recruitment as described in Paragraph 31 with a written statement in a language in which the workers were fluent of the terms and conditions of employment, as required by the AWPA, 29 U.S.C.

§§1821(a) and (g), and its attendant regulations, 29 C.F.R. §§500.75(b) and 500.78.

33. At various points in the 2009 Tennessee vegetable season, the Defendants employed the 2009 Plaintiffs for work harvesting, grading and/or packing beans and other vegetable crops on the Defendants' farm near Crossville, Tennessee.

34. Throughout the period of their employment on the Defendants' farm during the 2009 Tennessee vegetable season, the 2009 Plaintiffs were housed in facilities owned or controlled by the Defendants. At all times relevant to this count, these housing facilities were controlled and provided to the 2009 Plaintiffs by the Defendants, within the meaning of the AWPA, 29 U.S.C. §§1821(c) and 1823(a), and its attendant regulations, 29 C.F.R. §§500.75(f) and 500.130(c).

35. In violation of the AWPA, 29 U.S.C. §1823(b)(1), and its attendant regulations, 29 C.F.R. §500.135(a), the Defendants permitted the 2009 Plaintiffs to occupy the housing facilities described in Paragraph 34 without these facilities having first been certified by a State or local health authority or other appropriate agency as meeting applicable safety and health standards relating to migrant labor housing.

36. The Defendants failed to post in a conspicuous place or to present to the 2009 Plaintiffs a written statement of the terms and conditions of occupancy at the facilities described in Paragraph 34, as required by the AWPA, 29 U.S.C. §§1821(c) and (g), and its implementing regulations, 29 C.F.R. §§500.75(f) and 500.78.

37. Throughout the 2009 Tennessee vegetable season, the Defendants transported or caused the 2009 Plaintiffs to be transported on a daily basis in various vehicles owned or operated by Michel Germain. The Defendants failed to have an insurance policy or liability bond insuring them in the requisite amounts against liability for damage to persons and property

arising from the transportation of the 2009 Plaintiffs in these vehicles, thereby violating the AWPA, 29 U.S.C. §1841(b)(1)(C), and its attendant regulations, 29 C.F.R. §§500.120 and 500.121.

38. The Defendants failed to make, keep and preserve records as required by the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding the work of the 2009 Plaintiffs during the 2009 Tennessee vegetable season. Among other things, no records were maintained showing the hours worked by the 2009 Plaintiffs while employed harvesting vegetables on a piece-rate basis.

39. In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d), the Defendants failed to provide to the 2009 Plaintiffs at each pay day during the 2009 Tennessee vegetable season a written statement containing the data required to be disclosed under the statute and its implementing regulations. The 2009 Plaintiffs either received no wage statements whatsoever or were provided with pay envelopes or check stubs which failed to show the employer's name and address and the number of hours worked on piece-rate activities.

40. The 2009 Plaintiffs were paid on a piece-rate basis for their work harvesting vegetables on the Defendants' operations during the 2009 Tennessee vegetable season. The 2009 Plaintiffs' weekly piece-rate harvesting earnings totaled less than the applicable federal minimum wage. For harvesting work, the Defendants only compensated the 2009 Plaintiffs for their piece-rate earnings. The Defendants failed to supplement the 2009 Plaintiffs' piece-rate earnings so as to raise their work week wages to a rate equal to or exceeding the applicable federal minimum wage.

41. For packing house work during the 2009 Tennessee vegetable harvest, the Defendants compensated the 2009 Plaintiffs at a rate of $6.50 per hour, less than the applicable minimum wage under the FLSA.

42. The Defendants failed to properly credit the 2009 Plaintiffs with all compensable hours worked. On occasion, the 2009 Plaintiffs were required to sit idle at the jobsite at the commencement of the day for prolonged periods of time, waiting for the dew to dry on the beans before beginning to pick, or at the end of the workday, waiting for boxes of beans to be weighed and for their picking tokens to be counted. Although this time was properly compensable under the FLSA, the Defendants failed to credit the 2009 Plaintiffs with this waiting time as part of their respective compensable hours worked.

43. The Defendants failed to report to the Social Security Administration the earnings of the 2009 Plaintiffs on the Defendants' operations during the 2009 Tennessee vegetable harvest. The Defendants also failed to pay Social Security or unemployment compensation taxes pursuant to the Federal Insurance Contributions Act with respect to the earnings of the 2009 Plaintiffs for labor performed on the Defendants' operations during the 2009 Tennessee vegetable harvest.

44. By their actions described in Paragraphs 40, 41, 42 and 43, the Defendants failed to pay the 2009 Plaintiffs their wages when due for work performed on the Defendants' operations during the 2009 vegetable harvest, in violation of the AWPA, 29 U.S.C. §1822(a), and its implementing regulations, 29 C.F.R. § 500.81.

45. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

46. As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the 2009 Plaintiffs have suffered damages.

## COUNT III

### (Fair Labor Standards Act)
### (2009 and 2010 Tennessee vegetable seasons)

47. This count sets forth a claim for declaratory relief and damages by the Plaintiffs for the Defendants' violations of the minimum wage provisions of the FLSA during the 2009 and 2010 Tennessee vegetable seasons.

48. The Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay the Plaintiffs at least:

    (a)    $7.25 for every compensable hour of labor he or she performed on after July 24, 2009; and

    (b)    $6.55 for every compensable hour or labor he or she performed prior to July 24, 2009.

49. The violations of the FLSA as set out in Paragraph 48 resulted in part from the Defendants' failure to supplement the Plaintiffs' piece-rate earnings so as to raise their individual pay period wages to a rate equal to or exceeding the minimum wage and failure to credit the Plaintiffs with all compensable hours worked.

50. With respect to work performed in the Defendants' packing house, the violations of the FLSA described in Paragraph 48 resulted in part from the Defendants' pay rate of $6.50 per hour, less than the applicable minimum wage under the FLSA.

51. The violations of the FLSA set forth in Paragraph 48 were willful, within the

meaning of the Portal-to-Portal Act. The Defendants disregarded the very possibility that they were violating the FLSA. The Defendants were aware of the FLSA's requirements but took no affirmative action to comply with these requirements.

52. As a consequence of the Defendants' violations of the FLSA as set out in this count, the Plaintiffs are entitled to recover their unpaid minimum wages, plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court enter an order:

a. Declaring that the Defendants violated the AWPA and its attendant regulations with respect to its employment of the Plaintiffs during the 2009 and 2010 Tennessee vegetable harvests, as set forth in Counts I and II;

b. Declaring that the Defendants violated the FLSA, as set forth in Count III;

c. Granting judgment in favor of the 2010 Plaintiffs and against the Defendants, jointly and severally, on the claims under the AWPA as set forth in Count I, and awarding each of the 2010 Plaintiffs his or her actual damages or statutory damages of $500, whichever is greater, for every violation of the AWPA set forth in that count;

d. Granting judgment in favor of the 2009 Plaintiffs and against the Defendants, jointly and severally, on the claims under the AWPA as set forth in Count II, and awarding each of the 2009 Plaintiffs his or her actual damages or statutory damages of $500, whichever is greater, for every violation of the AWPA set forth in that count;

e. Granting judgment in favor the Plaintiffs on their FLSA claims as set forth in Count III,

and awarding each of them the amount of his or her unpaid minimum wages and an equal amount as liquidated damages;

f. Enjoining the Defendants from further failure to comply with the provisions of the AWPA and its implementing regulations;

g. Awarding the Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. §216;

h. Awarding the Plaintiffs the costs of this action; and

i. Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,

_____
Gregory S. Schell
Florida Bar Number 287199
Email: Greg@Floridalegal.Org
Pro Hac Vice Motion Pending

MIGRANT FARMWORKER JUSTICE PROJECT
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone: (561) 582-3921
Fax: (561) 582-4884

*Attorney for Plaintiffs*


_____
Melody Fowler-Green
Tennessee Bar No. 023266
Email: mfgreen@trla.org
Member, Middle Dist.

SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd. Ste. 135
Nashville, TN 37217
Telephone: (615) 750-1200
Fax: (615) 366-3349

*Attorney for Plaintiffs Arnold Roynez, Clara Roynez, and David Christian*

*Complaint* 15 of 15

Case 2:11-cv-00082 Document 1 Filed 08/09/11 Page 15 of 15 PageID #: 15