UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID CHRISTIAN, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | Case No. 2:11-cv-0082 |
| vs. ) | |
| ) | Judge Kevin H. Sharp |
| SWALLOWS PRODUCE, INC. ) | Magistrate Judge Joe B. Brown |
| and JACKY R. SWALLOWS, ) | |
| Defendants. ) | |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO ADD PARTIES
AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

I.   **Introduction and Statement of Facts**

Plaintiffs are migrant farm workers who reside in or around Miami, Florida. Plaintiffs have Fair Labor Standard Act 29 U.S.C. §§201, *et seq.*("FLSA") and Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq*. ("AWPA") claims arising out of their employment by Defendants in Crossville, Tennessee during the 2009 and 2010 agricultural seasons. Plaintiffs seek to amend their complaint to join 46 additional workers who have claims against the same Defendants arising out of the same transaction or series of transactions that gave rise to Plaintiffs' claims. Twenty-three of the parties that Plaintiffs propose to join have identical FLSA and AWPA claims from 2009 and/or 2010. An additional 18 parties to be joined have the same FLSA and AWPA claims arising out of 2009 and/or 2010, but also have similar FLSA and AWPA claims arising out of the 2011 agricultural season. Finally, Plaintiffs seek to join five parties who have claims arising only out of the 2011 season, but who were on the same crew as those proposed parties who worked in previous years.

As evidenced below, the joinder of the additional 46 parties will promote judicial economy and trial convenience, and Defendants will not be prejudiced by the proposed joinder and amendment. In fact, Defendants consent to the joinder of parties with 2009 and/or 2010 claims. However, given the overlap of facts, claims, witnesses, and the injustice to many of the parties if required to split their claims between two separate lawsuits, Plaintiffs' motion to add parties and to amend the complaint should be granted as to all parties and claims.

## II.     Joinder of Parties

The Federal Rules strongly encourage joinder of parties and "entertaining the broadest possible scope of action consistent with fairness to the parties." *Crutcher v. Kentucky*, 961 F.2d 1576 (Table) [published in full-text format at 1992 U.S. App. LEXIS 11374] (6th Cir. 1992) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). Fed. R. Civ. P. 20(a) provides in part that all persons may join in one action as plaintiffs if they (1) assert any right to relief relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) if any question of law or fact common to all the parties will arise in the action. The purpose of this rule is to promote trial convenience and expedite the final determination of disputes to prevent unnecessary multiple lawsuits. *See* 7 Charles A. Wright *et al.*, Federal Practice and Procedure § 1652 (3d ed. 2011). ["P]ermissive joinder rests with the sound discretion of the district court." *Ohio v. Louis Trauth Dairy, Inc.*, 856 F. Supp. 1229, 1239 (S.D. Ohio 1994).

In this instance, the joinder of the 46 additional workers as parties plaintiff is fully consistent with concerns of judicial economy and efficiency. Here, all of the parties who wish to join assert identical or logically related claims under the FLSA and the AWPA, arising out of the

same employment transaction or series of transactions as the Plaintiffs. All of the workers (current Plaintiffs and those they wish to join) were recruited by the same farm labor contractor, were employed at the same location, employed by the same defendants, lived in the same labor camp, and were paid pursuant to the same piece rate that resulted in minimum wage violations.

A.  Additional Plaintiffs with 2009 and/or 2010 Claims

Of the 46 individuals Plaintiffs seek to join, the following have FLSA and AWPA claims from the 2009 and/or 2010 that wholly overlap with the claims already pending in this case: William Alteus, Marthe M. Massillon Antoine, Amelis Bazile, Antionise Belance, Joachim O. Charles, Milord Cila, Jean Augustin Elustin, Devilma Florvil, Jean Victel Francois, Rose Marie Georges, Jacques Jean-Baptiste, Christon Joseph, Celondieu Josue, Jean Benice Merilus, Jean Julio Noel, Juliana Ogelis, Jack Pierre-Louis, Marie Joceline Resiliac, Miselia Saintil, Jean Georges Saint Hilaire, Hilaire Saint Pierre, Lucaen Severe, and Altamise Sillon. These individuals raise no additional claims and their joinder is not opposed by Defendants.

B.  Additional Plaintiffs with 2011 Claims

Of the remaining 23 additional workers Plaintiffs seek to join, the following 18 have claims that arise out of the 2009 and/or 2010 seasons, so therefore overlap with the claims brought by the current Plaintiffs: Jean Gerard Aris, Catherine Catule, Jean Anatol Celin, Erie Charlotin, Jean Augustin Justin Compere, Jean Laffontant Compere, Marie Sylvita Cornet, Jean Deslouis Corrolian, St. Clair Dufresne, Meles Emmanuel, Jean Maurice Masse, Andre Mertilus, Jean Joseph Morno, Jean Homere Perceval, Jean Frankel Pierre, Jean Antoine Sillon, Jean T. Vertus, and Milot Vertus. However, these workers were also employed by Defendants in 2011, and have similar and related FLSA and AWPA claims arising out of that employment.

Furthermore, five workers (Jocelin Bony, Gerda Dorce, Luclera Gabriel, Marie Nola Louime Jeanty, and Jean Wilet Juste) were employed by Defendants only 2011 working alongside the previously-listed 18 workers.

Clearly, the workers who have 2009 and/or 2010 claims that overlap entirely with the claims brought by the current Plaintiffs should be joined (indeed, Defendants do not oppose joinder with regard to those individuals for those claims). However, judicial economy and efficiency mandates that these workers' should additionally be allowed to bring their 2011 claims, and the workers with only 2011 claims should also be joined for the purposes of prosecuting their identical FLSA and AWPA claims.

The claims arising out of the 2011 season are logically related to the same transactions or series of transactions that gave rise to the claims from 2009 and 2010. The claims do not have to arise out of the same narrow time frame to constitute the same "transaction or occurrence." "Rule 20 [ ] permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("[T]he 'same transaction' requirement, refers to similarity in the factual background of a claim."). The Sixth Circuit has noted that "the words 'transaction or occurrence' are to be given a broad interpretation . . . ." *Lasa Per L' Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969).

Here, the facts, witnesses, and other evidence that will be offered by the workers with 2011 claims overlap with those offered by workers with 2009 and/or 2010 claims: they were recruited by the same farm labor contractor (Michel Germain and Two Brothers Farms), to do

precisely the same kind of work (harvesting beans and other vegetables), for the same grower (Jacky Swallows and Swallows Produce, Inc.) at the same location (in Crossville, Tennessee). Moreover, they were paid the same piece rate ($3.00 per piece) that resulted in alleged FLSA violations, lived in the same labor camp, were transported in the same vehicles, and were transported by the same individuals. The claims from 2011 are part of a pattern following from the previous seasons. Furthermore, the legal basis 2011 claims are identical to the claims from 2009 and 2010; all of the claims are based on the FLSA and AWPA.[1]

If not joined, these 23 individuals with 2011 claims will likely file their own action before this Court, setting out claims identical to those raised in this case. Such a case would be subject to consolidation with the current litigation, resulting in the same relief sought in this motion. If consolidation was not ordered, it would force this Court to try these claims against the Defendants in two separate cases, relying on the same witnesses and evidence, and forcing 18 of the workers to present the same evidence in two separate cases, a highly inefficient outcome for all concerned.

Finally, there will be no prejudice to the Defendants from the addition of these 23 workers. Defendants have already consented to their joinder for the purposes of litigating their 2009 and/or 2010 claims. There has been only cursory discovery completed thus far in this action, and the Defendants will have the same opportunity for discovery as they do with the present Plaintiffs.

---

[1] The 2011 workers have an additional AWPA claim as a result of having been terminated without justification prior to the end of the season after an investigation of Defendants' operations by the U.S. Department of Labor. This additional AWPA claim is itself "logically related" to the other claims brought by 23 workers employed by Defendants in 2011.

### III. Amended Complaint

In addition to joining new parties, Plaintiffs seek to amend their complaint to reflect the addition of these 46 individuals as parties and setting out in detail their specific claims against the Defendants. Fed.R.Civ.P. 15(a) requires that leave to file an amended complaint be "freely given when justice so requires." The decision whether to grant leave to amend is within the sound discretion of this Court. *See United States v. Wood*, 877 F.2d 453,456 (6th Cir. 1989). In recognition of the objective of the Federal Rules of Civil Procedure to make pleadings a vehicle for the proper presentation of a case rather than an end in themselves, the standard for granting leave to amend is an exceedingly liberal one. *See Conlev v. Gibson*, 355 U.S. 41,48 (1957); Fed. R. Civ. P. 1 (stating that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action"). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given'." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. Ky. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs' Amended Complaint does not raise new theories of recovery or change the claims that were made in their original complaint. The amendment merely reflects the joinder of 46 workers and their claims that are related to or overlap entirely with the existing claims. There has been no delay in making this amendment (it is within the Court's deadline to do so). Because this amendment is filed in the relatively early stages of this case, before any depositions have been conducted or any substantive motions filed, it will not prejudice or result in undue delay.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion should be granted and the 46 individuals should be added as parties plaintiff and Plaintiffs should be granted leave to file and serve their Amended Complaint.

Respectfully submitted,

*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
Email: Greg@Floridalegal.Org
Admitted Pro Hac Vice
MIGRANT FARMWORKER JUSTICE PROJECT
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone: (561) 582-3921
Fax: (561) 582-4884

*Attorney for Plaintiffs*


*/s/ Melody Fowler-Green*
Melody Fowler-Green
Tennessee Bar No. 023266
Email: mfgreen@trla.org
Member, Middle District

SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd. Ste. 135
Nashville, TN 37217
Telephone: (615) 750-1200
Fax: (615) 366-3349

*Attorney for Plaintiffs Francillon Badio, Antionise Belance, David Christian, Gerda Dorce, Meles Emmanuel, Luclera Gabriel, Rosie Joseph, Jean*

*Homere Perceval, Addly Petitfrere, Arnold Roynez, Clara Roynez, and Miselia Saintil*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of January, 2012, I electronically filed this document with the Clerk of Court using the ECF system, which sent notice of such filing to attorneys of record for Defendants.

                                              **/s/ Melody Fowler-Green**
                                              Melody Fowler-Green