IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID CHRISTIAN, et. al., | ) |
| Plaintiffs, | ) Case No. 2:11cv0082 |
| v. | ) |
| SWALLOWS PRODUCE, INC. and JACKY R. SWALLOWS, | ) Judge Sharp |
| | ) Magistrate Judge Brown |
| Defendants, | ) |
| and | ) |
| SWALLOWS PRODUCE, INC. and JACKY R. SWALLOWS, | ) |
| Third-Party Plaintiffs, | ) |
| v. | ) |
| TWO BROTHERS FARM OF GEORGIA, INC., a/k/a TWO BROTHERS FARM, INC. and MICHEL D. GERMAIN, | ) |
| Third-Party Defendants. | ) |

**DEFENDANTS SWALLOWS PRODUCE, INC. AND JACKY R. SWALLOWS'
RESPONSE TO PLAINTIFFS' MOTION TO ADD PARTIES AND FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT**

Defendants Swallows Produce, Inc. ("Swallows Produce") and Jacky R. Swallows ("Swallows") (collectively "Defendants") have previously entered into a negotiated settlement with the United States Department of Labor for claims alleged to have arisen in 2011. Defendants therefore object to the Plaintiffs' request to include claims supposedly arising in 2011 (proposed Amended Complaint Counts I and IV) and to the request to join new plaintiffs alleging to have claims only arising in 2011.

1

# FACTS

On August 9, 2011, sixteen (16) Plaintiffs filed a Complaint (the "Original Complaint") against Swallows Produce and Jacky R. Swallows. (Doc. 1, Complaint). In the Original Complaint, Plaintiffs raised three (3) claims: 1) violation of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") for the 2010 Tennessee vegetable season ("Original Complaint Count I"), 2) violation of AWPA for the 2009 Tennessee vegetable season ("Original Complaint Count II"), and 3) violation of the Fair Labor Standards Act ("FLSA") for the 2009 and 2010 Tennessee vegetable seasons ("Original Complaint Count III").

On January 17, 2012, Plaintiffs filed a Motion to Add Parties and for Leave to File First Amended Complaint. (Doc. 16, Motion). Plaintiffs seek to add forty-six (46) more individuals to this action. The Amended Complaint raises four (4) counts: 1) violation of the AWPA for the 2011 Tennessee vegetable season ("Amended Complaint Count I," a completely new claim which does not exist in the Original Complaint), 2) violation of the AWPA for the 2010 Tennessee vegetable season ("Amended Complaint Count II," which appears identical to Original Complaint Count I with the exception of the addition of new proposed Plaintiffs), 3) violation of the AWPA for the 2009 Tennessee vegetable season ("Amended Complaint Count III," which appears identical to Original Complaint Count II with the exception of the addition of new proposed Plaintiffs), and 4) violation of the FLSA for the 2009, 2010, and 2011 Tennessee vegetable season ("Amended Complaint Count IV," which appears identical to Original Complaint Count III with the exception of the addition of the 2011 claims).

Thirty-two (32) individuals[1] seek to join Original Complaint Count I (Amended

---

[1] William Alteus, Marthe M. Massillon Antoine, Jean Gerard Aris, Amelise Bazile, Antionise Belance, Catherine Catule, Jean Anarol Celin, Joachimo O. Charles, Erie Charlotin, Milord Cila, Jean Augustin Justin Compere, Jean Laffont Compere, Marie Sylvita Cornet, Jean Deslouis Corrolian, St. Clair Dufresne, Meles Emmanuel, Devilma Florvil, Jean Victel Francois, Rose Marie Georges, Jacques Jean-Baptiste, Christon Joseph, Celondieu Josue, Jean

Complaint Count II) involving the 2010 Tennessee vegetable season and twenty-eight (28) individuals[2] seek to join Original Complaint Count II (Amended Complaint Count III) involving the 2009 Tennessee vegetable season.

Defendants do not object to Amended Complaint Counts II and III or to the joinder of these parties to Original Complaint Count I for the 2010 Tennessee vegetable season or to Original Complaint Count II for the 2000 Tennessee vegetable season.

However, Plaintiffs have also filed Amended Complaint Count I, seeking to add twenty-three (23) new individuals[3] to state **a completely new claim** for violation of the AWPA during the 2011 Tennessee vegetable season. Plaintiffs have also filed Amended Complaint Count IV, seeking to add a 2011 claim to Original Complaint Count III for violation of the FLSA. Plaintiffs improperly stated that Defendants only object to the joinder of five (5) individuals to this action. Instead, Defendants object to the addition of Amended Complaint Count I, a 2011 claim brought by twenty-three (23) individuals seeking to join this action for violation of the AWPA, and to the addition of a 2011 claim for violation of the FLSA in Amended Complaint Count IV.

On September 27, 2011, Defendants entered into a Compliance Agreement with the

---

Maurice Masse, Jean Baptiste Benice Merilus, Andrew Mertilus, Jean Jospeh Morno, Juliana Ogelis, Jean Homere Perceval, Jean Frankel Pierre, Jack Pierre-Louis, Marie Joceline Resiliac, and Miselia Saintil.

[2] William Alteus, Marthe M. Massillon Antoine, Jean Gerard Aris, Antionise Belance, Jean Anarol Celin, Joachimo O. Charles, Erie Charlotin, Milord Cila, Jean Augustin Justin Compere, Marie Sylvita Cornet, Jean Deslouis Corrolian, Jean Augustin Elustin, Meles Emmanuel, Jean Victel Francois, Jean Maurice Masse, Andrew Mertilus, Jean Jospeh Morno, Jean Julio Noel, Jean Homere Perceval, Jean Frankel Pierre, Jack Pierre-Louis, Marie Joceline Resiliac, Jean Georges Saint Hillaire, Miselia Saintil, Lucaen Severe, Altimise Sillon, Jean Antoine Sillon, and Jean T. Vertus.

[3] Jean Gerard Aris, Jocelin Bony, Catherine Catule, Jean Anarol Celin, Erie Charlotin, Jean Augustin Justin Compere, Jean Laffontant Compere, Marie Sylvita Cornet, Jean Deslouis Corrolian, Gerda Dorce, St. Clair Dufresne, Meles Emmanuel, Lucerla Gabriel, Marie Nola Louime Jeanty, Jean Wilet Juste, Jean Maurice Masse, Andrew Mertilus, Jean Joseph Morno, Jean Homere Perceval, Jean Frankel Pierre, Altimise Sillon, Jean T. Vertus, and Milot Vertus.

Department of Labor, Wage and Hour Division ("DOL WHD"), attached hereto as <u>Exhibit 1</u>. The purpose of that agreement was to establish a compliance program agreement between the DOL WHD and Defendants to identify both parties and their commitments in achieving compliance with the FLSA and the AWPA. (<u>Exhibit 1</u>, ¶ I). As a result of this agreement, Defendants paid back wages to seventy-seven (77) employees, including twenty-three (23) individuals[4] who also seek to be added as Plaintiffs to the instant action, for their work at Defendants' operation during the 2011 Tennessee vegetable season. (<u>Exhibit 1</u>, ¶ II G).

## ARGUMENT

**I. <u>Plaintiffs Should Not Be Permitted To Amend Their Complaint To Add 2011 Claims.</u>**

**A. <u>The Court Has Discretion To Deny Plaintiffs' Motion For Leave To Amend.</u>**

Although Fed. R. Civ. P. 15(a) prescribes a liberal standard for the amendment of pleadings, whether a motion to amend should be granted is within the discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court must also consider the following factors in determining whether to permit Plaintiff to amend his Complaint to add a party: (1) whether the pleading at issue has been previously amended; (2) futility of the amendment; (3) bad faith; (4) undue delay; and (5) prejudice to the opposing party. *Foman*, 371 U.S. at 182; *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

**B. <u>The 2011 Claims Attempt To Add New Allegations And Facts, Which Exceed The Scope Of This Lawsuit And Justify Denying Leave.</u>**

Plaintiffs seek to add claims for the 2011 Tennessee vegetable season under both the AWPA and the FLSA. The 2011 claim under the AWPA (Amended Complaint Count I) is not a

---

[4] Jean Gerard Aris, Jocelin Bony, Catherine Catule, Jean Anarol Celin, Erie Charlotin, Jean Augustin Justin Compere, Jean Laffontant Compere, Marie Sylvita Cornet, Jean Deslouis Corrolian, Gerda Dorce, St. Clair Dufresne, Meles Emmanuel, Lucerla Gabriel, Jacques Jean-Baptiste, Jean Wilet Juste, Jean Maurice Masse, Andrew Mertilus, Jean Joseph Morno, Jean Homere Perceval, Jean Frankel Pierre, Jean Antoine Sillon, Jean T. Vertus, and Milot Vertus.

4

mere recitation of the facts and allegations set forth in the 2010 and 2009 AWPA claims. Plaintiffs' statement that their new claims "are related to or overlap entirely with the existing claims" is misleading and false. (*See* Doc. 17, Plaintiffs' Memorandum, p. 6). Instead, Amended Complaint Count I seeks to add completely new allegations not included in the 2010 or 2009 AWPA claims and expand this lawsuit from two years into three.

In addition to repeating the allegations raised in 2009 and 2010 for 2011, Amended Complaint Count I seeks to add the new allegation that Michel Germain promised the 2011 Plaintiffs that they would be offered employment throughout the 2011 season and that the 2011 Plaintiffs relied upon these assurances when accepting the proffered employment on Defendants' operations. (Am. Compl. at ¶¶ 15-17). Amended Complaint Count I also attempts to add allegations related to the issuance of check stubs and cash. (*Id.* at ¶ 24). Additionally, Amended Complaint Count I alleges that the 2011 Plaintiffs were terminated without justification, stemming "in part from the Defendants' decision to cease hand-harvesting their crops following an investigation of the Defendants' operations by the [DOL WHD]." (*Id.* at ¶ 28). Along with this claim of termination, these 2011 Plaintiffs claim new and unique damages, including rental charges they incurred after returning home to Florida. (*Id.*) None of these 2011 AWPA allegations found in Amended Complaint Count I are contained in the 2010 or 2009 AWPA claims, and therefore do not rise out of the same transaction or occurrence as those claims already existing in this lawsuit.

The 2011 claims found in Amended Compliant Counts I and IV contain an additional set of facts, allegations, legal cause of action, and damages. Plaintiffs admit new facts that occurred in 2011, including the DOL WHD's investigation, which are not present in or relevant to claims arising in 2009 or 2010. Moreover, the 2011 claims occurred at a different time than those

claims previously set forth in this lawsuit. There is no similarity in the manner, practice, time, or events in which the 2011 claims occurred. Because the 2011 claims found in Amended Complaint Counts I and IV greatly exceed the scope of this lawsuit, they should not be added to this lawsuit.

      **C.**    **<u>Defendants Would Be Prejudiced And Undue Delay Caused If Plaintiffs Are Allowed To Amend.</u>**

Additionally, Defendants would be prejudiced and undue delay caused if Plaintiffs are allowed to add claims related to 2011. Prejudice to a defendant is a "relevant consideration." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change in tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.3d 290, 300 (3rd Cir. 1969)); *see also Dahn v. United States*, 127 F.3d 1249, 1251-52 (10th Cir. 1997) (upholding denial of motion to amend where pleading asserted a "distinctly different claim").

Plaintiffs cannot fairly claim that Defendants would not be prejudiced by the addition of twenty-three (23) new individuals, stating completely new claims for violation of the AWPA and the FLSA during the 2011 Tennessee vegetable season at this stage in the litigation. As the first phase of discovery and deposition deadline draws near on February 17, 2012, Defendants would be required to expand discovery to include another year of twenty-three (23) additional Plaintiffs' claims in a very short amount of time. (*See* Doc. 13, Case Management Order, p. 4). The addition of these new individuals will undoubtedly cause delay in this case.

Furthermore, Plaintiffs would not be prejudiced if their motion is denied. Plaintiffs may still file a separate lawsuit involving the 2011 claims and parties. In fact, Plaintiffs admit that the individuals with 2011 claims will and can file their own action.
6
Case 2:11-cv-00082   Document 27   Filed 01/31/12   Page 6 of 9 PageID #: 145

### D. Plaintiffs' 2011 Claims Cannot Withstand A Motion To Dismiss And Are Therefore Futile And Should Not Be Allowed.

A court may also deny a motion to amend if the proposed amendment would be futile. *Colvin*, 605 F.3d at 294. An amendment is futile if it would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiffs' 2011 claims would not survive a motion to dismiss. Individuals with 2011 claims have already resolved their FLSA and AWPA claims with Defendants as a result of the DOL WHD investigation. The settlement reached on September 27, 2011 included back wages for work performed on Defendants' farm during the 2011 Tennessee vegetable season. (Exhibit 1). Accordingly, the issues raised in Plaintiffs' 2011 claims have been resolved. Therefore, the Court should not allow these individuals to seek a double recovery for 2011 back wages.

### II. Plaintiffs Should Not Be Permitted To Join As Plaintiffs Any Individual With A 2011 Claim.

Fed. R. Civ. P. 20 governs permissive joinder of parties and allows persons to join as plaintiffs if they establish (1) "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) some question of law or fact common to all plaintiffs. Fed. R. Civ. P. 20(a)(1)(A), (B); *Crutcher v. Kentucky*, No. 91-5893, 1992 U.S. App. LEXIS 11374, at *9 (6th Cir. May 11, 1992) (attached). The purpose of Rule 20(a) "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1332-33 (8th Cir. 1974); *see Pasha v. Jones*, No. 95-5265, 1996 U.S. App. LEXIS 11630, at *4 (6th Cir. Apr. 17, 1996) (attached). "Permissive joinder is not, however, applicable in all cases." *Mosley*, 497 F.2d at 1332-33.

Here, the allegations of Plaintiffs' proposed Amended Complaint Counts I and IV fail to

satisfy these two prerequisites to joinder. As described above, the 2011 claims do not arise out of the same transaction or occurrence as the claims established in the Original Complaint. Amended Complaint Counts I and IV allege claims related to the 2011 Tennessee vegetable season and include facts and allegations not included in the Original Complaint. The 2011 Plaintiffs raise claims involving different facts and different claims, including claims that were settled by the Department of Labor and/or damages that are duplicative of those accepted in exchange for a release under DOL supervision.

The 2011 claims do not present a common question of law or fact and are separate from those already raised in this lawsuit. Accordingly, Plaintiffs should not be permitted to join individuals with 2011 claims.

## CONCLUSION

Plaintiffs' Motion to Add Parties and for Leave to File First Amended Complaint should be partially denied. The 2011 claims raised in Plaintiffs' proposed Amended Complaint Counts I and IV should not be added, and Plaintiffs should not be allowed to join 2011 parties to this lawsuit.

Respectfully submitted,

s/ C. Eric Stevens
C. Eric Stevens (#010632)
Rachel K. Ross (#27501)
LITTLER MENDELSON, P.C.
3200 West End Avenue
Suite 500
Nashville, TN 37203
Telephone: 615.383.3033
Facsimile: 615.383.3323
estevens@littler.com
rross@littler.com
*Attorneys for Defendants Swallows Produce, Inc. and Jacky R. Swallows*

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the foregoing has been served via the Court's ECF Mail System upon the following:

| | |
|---|---|
| Melody Fowler-Green | Gregory S. Schell |
| Southern Migrant Legal Services | Migrant Farmworker Justice Project |
| 311 Plus Park Blvd. Ste 135 | 508 Lucerne Avenue |
| Nashville, TN 37217 | Lake Worth, FL 33460-3819 |
| Phone: 615-750-1200 | Phone: 561-582-3921 |
| Fax: 615-366-3349 | Fax: 561-582-4881 |
| mfgreen@trla.org | Greg@Floridalegal.org |

and via first class U.S. mail upon the following:

| | |
|---|---|
| Michel Germain | Two Brothers Farm of Georgia, Inc. |
| 853 N.W. 110 St. | c/o Michel Germain |
| Miami, FL 33168 | 853 N.W. 110 St. |
| | Miami, FL 33168 |

on this the 31st day of January, 2012.

                                               s/ C. Eric Stevens
                                               C. Eric Stevens

Firmwide:106990494.3 069208.1001

9

Case 2:11-cv-00082   Document 27   Filed 01/31/12   Page 9 of 9 PageID #: 148