IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID CHRISTIAN, et. al., | ) |
| Plaintiffs, | ) Case No. 2:11cv0082 |
| v. | ) |
| SWALLOWS PRODUCE, INC. and JACKY R. SWALLOWS, | ) Judge Sharp |
| Defendants, | ) Magistrate Judge Brown |
| and | ) |
| SWALLOWS PRODUCE, INC. and JACKY R. SWALLOWS, | ) |
| Third-Party Plaintiffs, | ) |
| v. | ) |
| TWO BROTHERS FARM OF GEORGIA, INC., a/k/a TWO BROTHERS FARM, INC. and MICHEL D. GERMAIN, | ) |
| Third-Party Defendants. | ) |

### THIRD-PARTY PLAINTIFFS' RESPONSE AND OBJECTION TO THIRD-PARTY DEFENDANT MICHEL D. GERMAIN'S REQUEST TO SET ASIDE DEFAULT

Third-Party Plaintiffs Swallows Produce, Inc. ("Swallows Produce") and Jacky R. Swallows ("Swallows") (collectively "Third-Party Plaintiffs") respectfully submit this response and objection to Third-Party Defendant Michel D. Germain's request to set aside default.

### FACTS

1. On January 20, 2012, Third-Party Plaintiffs filed a Third-Party Complaint against Third-Party Defendants Two Brothers Farm of Georgia, Inc. a/k/a Two Brothers Farm, Inc.

1

("Two Brothers Farm") and Michel D. Germain ("Germain") (collectively "Third-Party Defendants") for breach of contract and indemnification. (Doc. 22, ¶5).

2. On February 7, 2012 both Third-Party Defendants were served with the Summons and Complaint. (Docs. 32 and 33).

3. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Third-Party Defendants were required to serve a responsive pleading within twenty-one (21) days after being served with the summons and complaint. Therefore, Third-Party Defendants' answer or other responsive pleading was due on or before February 28, 2012.

4. On March 12, 2012, Third-Party Plaintiffs filed a Request for Entry of Default against Third-Party Defendants pursuant to Fed. R. Civ. P. 55(a). (Doc. 36).

5. On April 4, 2012, the Clerk entered a default as to both Third-Party Defendants. (Doc. 41).

6. Only after the Clerk's entry of default against both Third-Party Defendants did Mr. Germain write a letter to the Court on April 12, 2012. (Doc. 42). In this letter, Mr. Germain indicates that he does not have money for an attorney and that he would represent himself.

## ARGUMENT

**I. Third-Party Defendant Michel D. Germain Fails To Present Good Cause As To Why The Entry Of Default Against Him Should Be Set Aside.**

Mr. Germain failed to timely respond to the Third-Party Complaint. The rules provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, **the clerk must enter the party's default**." Fed. R. Civ. P. 55(a) (emphasis added). In this case, Mr. Germain failed to plead or otherwise defend by February 28, 2012 and waited over two (2) months after receiving service of the Summons and Complaint on February 7, 2012 to make any court appearance

whatsoever. Pursuant to Fed. R. Civ. P. 55, Mr. Germain defaulted, and the Clerk properly entered such default against him.

The Court may set aside an entry of default only upon a showing of "good cause." Fed. R. Civ. P. 55(c). The determination whether good cause exists is within the discretion of the district court. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). There are three (3) factors that are to be considered when determining good cause: whether "(1) the default was willful; (2) set-aside would prejudice plaintiff; and (3) the alleged defense was meritorious." *O.J. Distrib. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *United Coin Meter Co.*, 705 F.2d at 844).

In the case at hand, Mr. Germain's letter to the Court fails to demonstrate any meritorious defense whatsoever to Third-Party Plaintiffs' allegations of breach of contract and indemnification. Instead, Mr. Germain's letter only attempts to explain that he does not have any money. A party must state a defense that is good at law. *See Berthelsen v. Kane*, 907 F.2d 617, 621-22 (6th Cir. 1990). Because Mr. Germain failed to plead specific facts sufficient to constitute a meritorious defense to the claims raised against him or to file an Answer to Third-Party Plaintiffs' Complaint against him, relief from default is pointless.

Additionally, Third-Party Plaintiffs will certainly be prejudiced if the default against Mr. Germain is set aside and Mr. Germain, an individual in Georgia who obviously lacks knowledge of legal procedures before this Court, is permitted to proceed *pro se* and further delay this action.

Mr. Germain's letter alludes to a "health problem," but does not deny that he was served with a copy of the Summons and Complaint and every other pleading, nor does he deny that his failure to answer was willful. Without more information than a vague allegation of a "health problem," the Court cannot set aside a valid entry of default against Mr. Germain.

3
Case 2:11-cv-00082   Document 50   Filed 04/30/12   Page 3 of 5 PageID #: 244

Because Mr. Germain did, pursuant to the rules, default by failing to answer in time and because he fails to show good cause as to why such entry of default should be vacated, the entry of default against Mr. Germain should not be set aside.

## II. Third-Party Defendant Two Brothers Farm Defaulted And Remains In Default.

Pursuant to Fed. R. Civ. P. 55(a), Two Brothers Farm also defaulted, and the Clerk properly entered default against it. Mr. Germain's letter to the Court states that he will represent *himself*, but does not purport to represent Two Brothers Farm. (Doc. 42). Pursuant to Local Rule 83.01(d), "All corporations chartered to do business as profit or nonprofit organizations must be represented by an attorney duly admitted or authorized to practice before this Court." Two Brothers Farm, a corporation, cannot represent itself in this court through a non-lawyer representative. Therefore, as of today's date, no attorney duly admitted or authorized to practice in the Middle District of Tennessee has made an appearance on behalf of Two Brothers Farm nor has anyone sought to set aside the entry of default against Two Brothers Farm. As a result, the entry of default against Two Brothers Farm must stand.

## CONCLUSION

Third-Party Plaintiffs request that the Court not set aside the default previously entered against Third-Party Defendants. Third-Party Defendants have, indeed, defaulted under the rules. Mr. Germain fails to show good cause as to why the entry of default against him should be set aside. Furthermore, no one has made an appearance on behalf of Two Brothers Farm nor has anyone requested that such entry of default against Two Brothers Farm be set aside.

Respectfully submitted,

/s/ C. Eric Stevens
C. Eric Stevens (#010632)
Rachel K. Ross (#027501)
LITTLER MENDELSON, P.C.
3200 West End Avenue
Suite 500
Nashville, TN 37203
Telephone: 615.383.3033
Facsimile: 615.383.3323
estevens@littler.com
rross@littler.com
*Attorneys for Defendants/Third-Party Plaintiffs Swallows Produce, Inc. and Jacky R. Swallows*

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served via the Court's ECF Mail System upon the following:

| | |
|---|---|
| Melody Fowler-Green | Gregory S. Schell |
| Southern Migrant Legal Services | Migrant Farmworker Justice Project |
| 311 Plus Park Blvd. Ste 135 | 508 Lucerne Avenue |
| Nashville, TN 37217 | Lake Worth, FL 33460-3819 |
| Phone: 615-750-1200 | Phone: 561-582-3921 |
| Fax: 615-366-3349 | Fax: 561-582-4881 |
| mfgreen@trla.org | Greg@Floridalegal.org |

and via first class U.S. mail upon:

Michel D. Germain
Two Brothers Farm of Georgia, Inc.
231 Adams Avenue, Apt. 12
Ashburn, GA 31714

on this the 30th day of April, 2012.

/s/ C. Eric Stevens
C. Eric Stevens

Firmwide:110939235.1 069208.1001