# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DAVID CHRISTIAN, et. al.,** ) | |
| ) | |
| Plaintiffs, ) | **Case No. 2:11cv0082** |
| ) | |
| v. ) | |
| ) | **Judge Sharp** |
| **SWALLOWS PRODUCE, INC. and** ) | |
| **JACKY R. SWALLOWS,** ) | **Magistrate Judge Brown** |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| **SWALLOWS PRODUCE, INC. and** ) | |
| **JACKY R. SWALLOWS,** ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **TWO BROTHERS FARM OF** ) | |
| **GEORGIA, INC., a/k/a TWO** ) | |
| **BROTHERS FARM, INC. and MICHEL** ) | |
| **D. GERMAIN,** ) | |
| ) | |
| Third-Party Defendants. ) | |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AND ORDER OF SETTLEMENT

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiffs Venel Alexis, William Alteus, Marthe M. Massillon Antoine, Jean Gerard Aris, Francillon Badio, Amelis Bazile, Antionise Belance, Jocelin Bony, Catherine Catule, Jean Anatol Celin, Joachim O. Charles, Erie Charlotin, David Christian, Milord Cila, Jean Augustin Justin Compere, Jean Laffontant Compere, Marie Sylvita Cornet, Jean Deslouis Corrolian, Pierre Anes Darvilmar, Gerda Dorce, St. Clair Dufresne, Jean Augustin Elustin, Meles Emmanuel, Marie Yolene Exume, Devilma Florvil, Jean Victel Francois, Luclera Gabriel, Rose Marie Georges, Jean

1

Georges Saint Hilaire, Jacques Jean-Baptiste, Edner Jean-Jacques, Padeci Jean-Louis, Marie Nola Louime Jeanty, Rosemene Jerome, Christon Joseph, Gensilia Joseph, Rosie Joseph, Celondieu Josue, Jean Wilet Juste, Semarest Laurent, Jean Maurice Masse, Jean Benice Merilus, Andre Mertilus, Andrelise Mezilus, Jean Joseph Morno, Jean Julio Noel, Juliana Ogelis, Jean Homere Perceval, Addly Petitfrere, Jean Frankel Pierre, Hilaire Saint Pierre, Jack Pierre-Louis, Belgerie Raymonvil, Marie Joceline Resiliac, Arnold Roynez, Clara Roynez, Miselia Saintil, Lucaen Severe, Altamise Sillon, Jean Antoine Sillon, Jean T. Vertus, and Milot Vertus Vertus (collectively "PLAINTIFFS") and Swallows Produce, Inc. and Jacky R. Swallows (collectively "DEFENDANTS"), by their attorneys, in order to avoid the cost and risk associated with further litigation, have agreed to dismiss this action with prejudice and settle all claims that PLAINTIFFS had, have, or may have, against DEFENDANTS, without admission by DEFENDANTS of the merits of any such claims as follows:

I.  **PAYMENTS AND CONSIDERATION**

(a)   No later than ten days after Court approval of this Joint Stipulation and Order, DEFENDANTS agree to pay to counsel for the PLAINTIFFS the sum total of TWO HUNDRED THOUSAND ONE HUNDRED SEVENTY AND 00/100 DOLLARS ($200,170.00), in full and final settlement of all claims against DEFENDANTS which PLAINTIFFS have, or later may learn to have had, as of the date of this Joint Stipulation and Order.

(b)   DEFENDANTS will make the aforesaid payment by delivering to PLAINTIFFS' counsel, Gregory Schell, a check made out to "Florida Legal Services Client Trust Account."

(c)   As soon as reasonably practicable following receipt of full payment from DEFENDANTS, counsel for PLAINTIFFS will distribute said funds to each individual PLAINTIFF in the amounts listed on Exhibit A.  Counsel will obtain a signed release in the form

of Exhibit B and a form W-9 from each PLAINTIFF prior to distributing funds to that PLAINTIFF and will forward the originals of all such documents to counsel for DEFENDANTS within thirty (30) days of receipt.

(d) Because there are no records to assist in the calculation or estimation of lost wages, the Parties agree, and it is the intent of the DEFENDANTS, the payors, that all proceeds will be categorized as Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") liquidated damages, but shall be sufficient consideration for the release of all claims as set forth below.

(e) No later than January 31, 2013, DEFENDANTS shall prepare and forward to each PLAINTIFF a Form 1099-MISC that reports in Box 3 as "Other income" each PLAINTIFFS' proportional share of the settlement proceeds, allocated as indicated in Exhibit A. If a 1099-MISC is returned to DEFENDANTS for insufficient address, DEFENDANTS will forward the 1099-MISC to PLAINTIFFS' counsel.

(f) Counsel for the PLAINTIFFS will receive the sum total of TWENTY-NINE THOUSAND NINE HUNDRED SEVENTY AND 00/100 DOLLARS ($29,970.00) from the aforesaid payments, as attorney's fees and costs, allocated as indicated in Exhibit A.

(g) All funds that have not been distributed to PLAINTIFFS in accordance with this Stipulation and Order within twelve (12) months of entry will be returned to DEFENDANTS and any PLAINTIFFS who have not received their portion of the settlement proceeds will not be subject to the Release contained in this Joint Stipulation and Order.

(h) The foregoing payments include consideration for all alleged damages to PLAINTIFFS, including wages, compensation, benefits, attorney's fees, costs, court costs,

interests, expenses, and for any and all harm which may been have suffered because of any alleged acts or omissions of DEFENDANTS.

## II. RELEASE

(a) In return, PLAINTIFFS, individually and for themselves and their successors and assigns, irrevocably and unconditionally release and forever discharge DEFENDANTS, their owners, successors, parent companies, officers, directors, employees, agents and assigns of and from any and all complaints, claims, causes of action, damages and expenses, whether known or unknown, which PLAINTIFFS now have, may have, or claim to have, or which they at any prior time had or claimed to have against DEFENDANTS, arising out of any matter occurring or accruing on or before the date of this Joint Stipulation and Order. This Joint Stipulation and Order is intended to be applied and construed as broadly as permitted by law and includes, but is not limited to, claims arising under any federal, state or local statutes, regulations, or ordinances. This specifically includes, but is not limited to, any claim under the Migrant and Seasonal Agricultural Worker Protection Act; the Fair Labor Standards Act; the Americans with Disabilities Act; the Age Discrimination Employment Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; 42 U.S.C. §1981; the Equal Pay Act; the Family and Medical Leave Act; the Genetic Information Nondiscrimination Act; the Tennessee Public Protection Act; the Tennessee Human Rights Act; the Tennessee Disability Act; any and all claims arising out of the Constitution of the United States or the State of Tennessee; any and all other federal, state or local laws prohibiting employment discrimination; and any and all claims or causes of action based in statute, contract, tort (including but not limited to common-law retaliatory discharge), whistleblower claims, fraud, promissory estoppel, all laws relating to

4

violation of public policy, retaliation, or interference with legal rights or any claim otherwise based upon federal or state statute or common law.

(b) PLAINTIFFS acknowledge that this Joint Stipulation and Order is in exchange for valuable consideration which PLAINTIFFS would not otherwise be entitled to receive.

(c) PLAINTIFFS understand, agree, and intend that, upon receipt of the payments by DEFENDANTS, PLAINTIFFS will have received complete satisfaction of any and all claims that PLAINTIFFS may have, have, or had against DEFENDANTS.

(d) PLAINTIFFS agree that this Joint Stipulation and Order and resulting Settlement Agreement and Release resolve all claims asserted in the Action.

(e) PLAINTIFFS have not filed any other complaints, claims or actions against DEFENDANTS. PLAINTIFFS have not assigned or otherwise transferred to any other person or entity any interest in any claim, demand, action and/or cause of action PLAINTIFFS have, or may have, or may claim to have against DEFENDANTS.

(f) PLAINTIFFS agree not to file a lawsuit or to commence any other legal proceeding against DEFENDANTS concerning any matter released in this Joint Stipulation and Order.

(g) PLAINTIFFS agree that the release provided by the Settlement Agreement and Release applies to any claims brought by any person or agency on behalf of PLAINTIFFS against DEFENDANTS, whether as a class or collective action, or any other form of representative action or action purportedly brought on behalf of PLAINTIFFS.

(h) PLAINTIFFS and their attorneys represent that they are not currently aware of any other employee of or worker for DEFENDANTS with the same or similar claims against DEFENDANTS as those raised in the Action.

### III. DISMISSAL OF ACTION WITH PREJUDICE

The Action will be, and hereby is, dismissed with prejudice to the refiling of the same.

### IV. NON-ADMISSION

This Joint Stipulation and Order shall not be admissible in any proceeding as evidence of an admission by DEFENDANTS of a violation of any statute, regulation, ordinance, order, or common law, nor as an admission that DEFENDANTS is an employer or joint employer of any PLAINTIFF.

### V. NO DISPARAGING COMMENTS

(a) PLAINTIFFS and their attorneys agree that they will not issue any press release, post any notice on-line or elsewhere, nor have any communication with any media source regarding the settlement of PLAINTIFFS' claims in the Action.

(b) The Parties will not make any negative, derogatory or disparaging comments about the other based upon anything related to this this Joint Stipulation and Order.

(c) PLAINTIFFS' counsel agree never to solicit any other individuals who were or are currently employed by or worked for DEFENDANTS with regard to potential claims that they might have against DEFENDANTS with regard to the matters raised in the Action. So long as counsel complies with the foregoing provisions, nothing in this Paragraph precludes counsel from otherwise representing anyone who chooses to be represented by them.

Dated this 21st day of May, 2012.

_____
Kevin H. Sharp
JUDGE

Stipulated to and approved for entry,   Stipulated to and approved for entry,


/s/ C. Eric Stevens                                    /s/ Melody Fowler-Green w/permission by CES
C. Eric Stevens (TN BPR #010632)       Melody Fowler-Green (TN BPR #023266)
Rachel K. Ross (TN BPR #027501)       Southern Migrant Legal Services
LITTLER MENDELSON, P.C.                  311 Plus Park Blvd. Ste 135
3200 West End Avenue, Suite 500         Nashville, TN 37217
Nashville, TN 37203                              Phone: 615-750-1200
Phone: 615.383.3033                            Fax: 615-366-3349
Fax: 615.383.3323                                 mfgreen@trla.org
estevens@littler.com                            *Attorney for Plaintiffs Francillon Badio,*
rross@littler.com                                  *Antionise Belance, David Christian, Gerda*
*Attorneys for Defendants Swallows*      *Dorce, Meles Emmanuel, Luclera Gabriel,*
*Produce, Inc. and Jacky R. Swallows*    *Rosie Joseph, Jean Homere Perceval, Addly*
                                                           *Petitfrere, Arnold Roynes, Clara Roynes, and*
                                                           *Miselia Saintil*


                                                           /s/ Gregory S. Schell w/permission by CES
                                                           Gregory S. Schell (FL BPR #287199) (Admitted
                                                           *Pro Hac Vice*)
                                                           Migrant Farmworker Justice Project
                                                           508 Lucerne Avenue
                                                           Lake Worth, FL 33460-3819
                                                           Phone: 561-582-3921
                                                           Fax: 561-582-4881
                                                           Greg@Floridalegal.org
                                                           *Attorney for Plaintiffs*

7

EXHIBIT A

## SETTLEMENT DISTRIBUTION

| | | |
|---|---|---|
| Alexis | Venel | $3,200 |
| Alteus | William | $3,200 |
| Antoine | Marthe M. Massillon | $3,200 |
| Aris | Jean Gerard | $4,200 |
| Badio | Francillon | $1,600 |
| Bazile | Amelis | $1,600 |
| Belance | Antionise | $3,200 |
| Bony | Jocelin | $1,000 |
| Catule | Catherine | $2,600 |
| Celin | Jean Anatol | $4,200 |
| Charles | Joachim O. | $3,200 |
| Charlotin | Erie | $4,200 |
| Christian | David | $3,200 |
| Cila | Milord | $3,200 |
| Compere | Jean Augustin Justin | $4,200 |
| Compere | Jean Laffontant | $2,600 |
| Cornet | Marie Sylvita | $4,200 |
| Corrolian | Jean Deslouis | $4,200 |
| Darvilmar | Pierre Anes | $1,600 |
| Dorce | Gerda | $1,000 |
| Dufresne | St. Clair | $2,600 |
| Elustin | Jean Augustin Justin | $1,600 |
| Emmanuel | Meles | $4,200 |
| Exume | Marie Yolene | $3,200 |
| Florvil | Devilma | $1,600 |
| Francois | Jean Victel | $3,200 |
| Gabriel | Luclera | $1,000 |
| Georges | Rose Marie | $1,600 |
| Jean-Baptiste | Jacques | $1,600 |
| Jean-Jacques | Edner | $1,600 |
| Jean-Louis | Padeci | $1,600 |
| Jeanty | Marie Nola Louime | $1,000 |
| Jerome | Rosemene | $3,200 |
| Joseph | Gensilia | $3,200 |
| Joseph | Christon | $1,600 |
| Joseph | Rosie | $1,600 |
| Josue | Celondieu | $1,600 |
| Juste | Jean Wilet | $1,000 |
| Laurent | Semarest | $3,200 |
| Masse | Jean Maurice | $4,200 |
| Merilus | Jean Benice | $1,600 |
| Mertilus | Andre | $4,200 |
| Mezilus | Andrelise | $1,600 |
| Morno | Jean Joseph | $4,200 |
| Noel | Jean Julio | $1,600 |
| Ogelis | Juliana | $1,600 |

| | | |
|---|---|---|
| Perceval | Jean Homere | $4,200 |
| Petitfrere | Addly | $1,600 |
| Pierre | Jean Frankel | $4,200 |
| Pierre-Louis | Jack | $3,200 |
| Raymonvil | Belgerie | $1,600 |
| Resiliac | Mare Joceline | $3,200 |
| Rigaud | Estelina | $3,200 |
| Roynez | Arnold | $1,600 |
| Roynez | Clara | $1,600 |
| Saint Hilaire | Jean Georges | $3,200 |
| Saint Pierre | Hilaire | $3,200 |
| Saintil | Miselia | $3,200 |
| Severe | Lucaen | $3,200 |
| Sillon | Jean Antoine | $4,200 |
| Sillon | Altamise | $3,200 |
| Vertus | Jean T. | $4,200 |
| Vertus | Milot | $2,600 |
| | | |
| Florida Legal Services | | $13,470 |
| Texas RioGrande Legal Aid | | $16,500 |

# EXHIBIT B

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is between _____ ("PLAINTIFF") and **Swallows Produce, Inc.** and **Jacky R. Swallows** ("SWALLOWS").

PLAINTIFF is party to (or sought to be added as a party to) a lawsuit against SWALLOWS in the United States District Court for the Middle District of Tennessee, styled *David Christian, et al. v. Swallows Produce, Inc., et al.*, Civil Action No. 2:11-cv-00082 (the "Action"). The Parties have agreed to settle all claims that PLAINTIFF had, has, or may have, against SWALLOWS, without admission by SWALLOWS of the merits of any such claims, as follows:

1.  **Payment to PLAINTIFF**

PLAINTIFF (along with the other PLAINTIFFS) accepts payment from SWALLOWS in the total amount of TWO HUNDRED THOUSAND ONE HUNDRED SEVENTY AND 00/100 DOLLARS ($200,170.00), in full and final settlement of all claims against SWALLOWS which PLAINTIFFS now have, or later may learn to have had, as of the date of this Agreement. PLAINTIFF individually accepts _____ ($ _____) as PLAINITFF'S proportional share of the settlement.

Because there are no records to assist in the calculation or estimation of lost wages, the Parties agree that this payment will be categorized as Migrant and Seasonal Agricultural Worker Protection Act liquidated damages, but will be sufficient consideration for release of all claims for damages to PLAINTIFF, including wages, compensation, benefits, attorney's fees, costs, court costs, interests, expenses, and for any and all harm which may been have suffered because of any alleged acts or omissions of SWALLOWS.

2.  **Release by PLAINTIFF**

PLAINTIFF, for himself/herself and anyone who could make a claim through them, irrevocably and unconditionally releases and forever discharges SWALLOWS, its owners, successors, parent companies, officers, directors, employees, agents and assigns of and from any and all complaints, claims, causes of action, damages and expenses, whether known or unknown, which PLAINTIFF now has, may have, or claim to have, or which he/she at any prior time had or claimed to have against SWALLOWS, arising out of any matter occurring or accruing on or before the date of this Agreement. This release and waiver is intended to be applied and construed as broadly as permitted by law and includes, but is not limited to, claims arising under any federal, state or local statutes, regulations, or ordinances. This specifically includes, but is not limited to, any claim under the **Migrant and Seasonal Agricultural Worker Protection Act**; the **Fair Labor Standards Act**; the **Americans with Disabilities Act**; the **Age Discrimination Employment Act**; Title **VII of the Civil Rights Act of 1964;** the **Civil Rights Act of 1991**; **42 U.S.C. §1981;** the **Equal Pay Act**; the **Family and Medical Leave Act**; the **Genetic Information Nondiscrimination Act**; the **Tennessee Public Protection Act**; the **Tennessee Human Rights Act**; the **Tennessee Disability Act**; any and all claims arising out of **the Constitution of the United States or the State of Tennessee**; any and all other federal, state or local laws prohibiting **employment discrimination**; and any and all claims or causes of action based in **statute**, **contract**, **tort** (including but not limited to common-law **retaliatory discharge**),

1

**whistleblower claims**, **fraud**, **promissory estoppel**, all laws relating to violation of **public policy**, **retaliation**, or **interference with legal rights or any claim** otherwise based upon **federal or state statute or common law**.

PLAINTIFF understands that this Agreement resolves all claims asserted or that could have been asserted in the Action.

3.   **Representations by PLAINTIFF**

PLAINTIFF has not filed any other unresolved complaints, claims or actions against SWALLOWS. PLAINTIFF has not assigned or transferred to any other person or entity any interest in any claim, demand, action and/or cause of action PLAINTIFF have, or may have, or may claim to have against SWALLOWS.

PLAINTIFF will not issue any press release, post any notice on-line or elsewhere, nor have any communication with any media source regarding the settlement of PLAINTIFF' claims in the Action and will not permit anyone else to do so on their behalf.

**PLAINTIFF FULLY UNDERSTANDS THIS AGREEMENT, HAS DISCUSSED IT WITH HIS/HER COUNSEL AND HAS ENTERED INTO THIS AGREEMENT KNOWINGLY, VOLUNTARILY, AND WITHOUT THREAT OR DURESS.**

**PLAINTIFF**

_____
**Print Name**


_____        _____
**Signature**                                                        **Date**


**I HEREBY CERTIFIY THAT I HAVE READ THE FOREGOING AGREEMENT TO THE PLAINTIFF IN HIS/HER NATIVE LANGUAGE AND THAT, PRIOR TO SIGNING THE AGREEMENT, THE PLAINTIFF CONFIRMED THAT HE/SHE UNDERSTOOD THE AGREEMENT.**

_____
**Print Name**


_____        _____
**Signature**                                                        **Date**