UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| DAVID CHRISTIAN, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| SWALLOWS PRODUCE, INC. ) | |
| and JACKY R. SWALLOWS, ) | |
| ) | |
| Defendants ) | |
| ) | |
| and ) | No. 2:11-0082 |
| ) | Judge Sharp/Brown |
| SWALLOWS PRODUCE, INC. and ) | |
| JACKY R. SWALLOWS, ) | |
| ) | |
| Third-Party Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| TWO BROTHERS FARM OF GEORGIA, INC. ) | |
| a/k/a TWO BROTHERS FARM, INC., and ) | |
| MICHEL D. GERMAIN, ) | |
| ) | |
| Third-Party Defendants ) | |

TO: THE HONORABLE KEVIN H. SHARP

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the default entered against Two Brother's Farm of Georgia, Inc. and Michel D. Germain not be set aside under the provisions of Rule 55(c).

## LEGAL DISCUSSION

This case originally began as a lawsuit by David Christian and others against Swallows Produce and Jacky R. Swallows (Swallows) for the failure of the Defendants to pay proper wages

under the Fair Labor Standards Act (FLSA) and the Migrant and Seasonal Agricultural Workers Protection Act (MSAWPA).

After the suit was filed, the original Swallows Defendants filed a third-party complaint against Two Brothers Farm of Georgia (Two Brothers) and Michel D. Germain (Germain). Germain appears to be the owner and operator of Two Brothers. In their third-party complaint (Docket Entry 22) they allege that Two Brothers and Germain, in the course of providing farm labor, guaranteed that the laborers would meet all the requirements of the various federal statutes, which were the basis of the underlying lawsuit. In short, they had an indemnity claim for any damages they had suffered as a result of the lawsuit by the Plaintiffs. The case involving the Plaintiffs and Swallows has now been resolved (Docket Entry 53).

The third-party complaint was filed on January 20, 2012, and it appears that the third-party complaint was served on Germain and Two Brothers on February 7, 2012 (Docket Entries 32 and 33). No answer was filed by either of the Defendants, and accordingly, Swallows' motion for default (Docket Entry 36) was granted by the Clerk (Docket Entry 41) on April 4, 2012. Subsequently, the Court received a letter from Germain (Docket Entry 44), which stated that Germain had been in Haiti for three months due to health problems and that he just returned to town. He stated that he provided contract farm labor and that he had worked for Swallows

2

for almost five years. He stated the amount he was paid to provide laborers and the amount he paid his laborers and stated that he did not have money to hire an attorney and he was writing the letter to represent himself. This letter was received on April 12, 2012.

The Magistrate Judge directed Swallows to respond to this matter inasmuch as he believed it should be treated as a motion to set aside the default (Docket Entry 44). Swallows responded (Docket Entry 50). The District Judge then referred the matter to the undersigned for further proceedings and a report and recommendation (Docket Entry 51). Pursuant to this order, on May 24, 2012, the Magistrate Judge set the matter for a hearing at 10:00 a.m. on June 12, 2012. As part of this order Two Brothers and Germain were warned that failure to attend could result in an adverse recommendation.

At the appointed time for the hearing Two Brothers and Germain did not appear.

The Magistrate Judge's courtroom deputy stated for the record that she had received two telephone calls from Germain, one shortly after 7:00 a.m. and the other after 8:00 a.m., in which he stated that he was in Georgia and was still looking for an attorney and requested that she call him back. Of the two numbers he left, one went to a fax machine and the other number was repeatedly busy.

Counsel for the Swallows advised that she had had contact with an attorney for Germain around the first of the year

3

concerning the allegations of the lawsuit, but that after the original lawsuit was filed there were no further contacts with the attorney and she had heard nothing from Germain since the filing of the third-party complaint.

No attorney has filed an appearance for the corporate defendant and Germain has filed no answer or other pleading except his short letter (Docket Entry 42).

## LEGAL DISCUSSION

The Swallows' response and objection to a request to set aside the default (Docket Entry 50) correctly sets out the factual history of the case and controlling Sixth Circuit law. The primary case is *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). The Court points out that there are three factors that are to be considered when determining good cause: (1) whether the default was willful; (2) whether to set aside would prejudice the Plaintiff; and (3) whether the alleged defense was meritorious. As an initial matter, the Magistrate Judge would note that Two Brothers is clearly in default and they have done nothing to resolve the issue. As a corporation they must be represented by an attorney and cannot be represented by an office, such as Germain.

The Magistrate Judge therefore recommends that default not be set aside as to Two Brothers inasmuch as they have not filed a proper motion to be relieved from default under Rule 55(c), and

4

certainly have done nothing to show good cause as to why they should be relieved of any default.

Turning to Germain, the Magistrate Judge also recommends that default not be set aside. Germain has yet to file any answer or any type of pleading in the matter except the one short letter, which the Magistrate Judge generously construed to be a request to set aside the default.

Germain has filed nothing to indicate that he has a meritorious defense and he failed to attend the hearing, which was specifically set to allow him as a *pro se* party to state his case to show why the default should be set aside.

Turning to the three elements of *United Coin*, the first element of whether the Plaintiff would be prejudiced is not of critical importance. Any time a default is set aside the plaintiff will be prejudiced to the extent there will be additional expenses and time consumed to resolve the case. However, the courts have not considered this to be a key factor unless there is some specific prejudice, such as the loss of witnesses or evidence.

The issue of whether willful conduct of the Defendants led to the default weighs somewhat against Germain. It appears that he was in contact with Swallows around the first of the year, but never followed through with the retention of an attorney. Germain was served. However, other than the fact that he states he was ill and in Haiti for three months, there is no explanation as

5

to why service of process properly served on the company and on Germain through his nephew was not forwarded to him. A return of the summons (Docket Entry 33) shows that it was left at Germain's residence, his usual place of abode, with his nephew who it states was a person of suitable age and discretion who lived there on February 7, 2012, as well as mailing a copy to the individual's last known address. Germain has provided no explanation as to why the nephew did not forward this information to him or why mail sent to him was not forwarded.

Additionally, since at least knowing about this litigation in April, Germain has filed no answer or other pleading in this matter other than the one short letter referenced above.

The record does not reflect any type of due diligence by Germain in this matter. Clearly, waiting until the morning of a 10:00 a.m. hearing to call in and say he was not coming and did not have an attorney, is not helpful to his case.

The third and most important factor in *United Coin* is whether there is some type of a meritorious defense. The Sixth Circuit has consistently held that this is often the most critical element. A defense is meritorious if "There is some possibility that the outcome of the suit after a full trial will be contrary to the results achieved by default." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006). The Court has also stated that "A defense is meritorious if it is 'good at law' regardless of whether the

defense is likely to succeed on the merits." *U.S. v. $22,050 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010).

The Sixth Circuit has also consistently stated that "Trials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a Court's refusal to relieve a party of the harsh sanction of default." *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

In this case, however, Germain has failed to give the Court even a glimmer of a meritorious defense. Additionally, he has failed to obey the Court's order to appear at the hearing on the motion despite being warned that failure to attend could have adverse consequences.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the default entered against Two Brothers and Germain not be set aside.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 13th day of June, 2012.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge